may lie against the building or premises on account of work done or materials furnished thereto, including the liens of the said party of the second part."

Together with the contract there was a supplementary agreement which contained this additional clause : " And that the provisions of the ninth section of said contract (above quoted) shall not be taken to subject the said building to any liability for the payment of labor or materials furnished in and about the erection thereof or the said party of the first part to any liability therefor, other than the payment of the contract price to the said party of the second part as therein provided."

Plaintiff took a rule for judgment for want of a sufficient affidavit of defence, which the court discharged. Plaintiff appealed.

*Errors assigned* were (1 and 2) failure to enter judgment for the plaintiff.

*E. H. Hall, Robert N. Simpers* with him, for appellants.

*Lewis Lawrence Smith, A. Lewis Smith* with him, for appellees.

PER CURIAM, March 28, 1892:

The learned judge of the court below held that the affidavit of defence was sufficient to prevent judgment. In this we think he was right. The case comes directly within the ruling in Schroeder v. Galland, 134 Pa. 277. Indeed, the contract appears to have been drawn with reference to that decision, as its language is identical with the opinion of Mr. Justice GREEN. We adhere to the law of that case. It follows that the judgment of the court below must be affirmed.

## Delaney *v.* Mulligan, Appellant.

*Married woman—Separate property—Contest with husband's creditors.*

In a contest between a wife and creditors of her husband regarding the title to property claimed by her, the question of fact whether she purchased the property with her own money is to be determined by the jury.

Argued Feb. 16, 1892. Appeal, No. 340, Jan. T., 1891, by defendants, Patrick Mulligan et al., from judgment of C. P. Schuylkill Co., July T., 1887, No. 218, on verdict for plaintiff, Honora Delaney, in ejectment. Before PAXSON C. J., STERRETT, GREEN, WILLIAMS and HEYDRICK, JJ.

Ejectment by a married woman claiming title as against her husband's creditors.

The facts appear by the charge of the court below, BECH-TEL, J., which was in part as follows :

" In a contest between a married woman and the creditors of her husband, she is required to show by clear, full and satisfactory proof that the money with which she bought the property she claims was her own, and belonged to her own separate estate, and was not the property or money of the husband. The defendants claim that she has not so proved her claim in this case—[that she has failed to furnish clear, full and satisfactory evidence that she purchased the property with money belonging to her own separate estate ; and they claim that it was the money of her husband that paid for the property, and that the title was put in her name to cheat and defraud defendants' creditors, and particularly Thomas Connerton, one of the defendants. If you find such to be the case, that the property was thus acquired and the title put in Honora Delaney for such purpose, then the defendants would be entitled to your verdict.] [1]

" But the plaintiffs deny that she acquired the property in that way, and [she testifies that her husband and one Crowe had an insurance policy on the life of her father-in-law, and that her husband, being unable to pay the assessments, she obtained the money to pay for the same from her mother and brother and friends as a gift, and did so pay the same with such money, and not one cent of the money belonged to her husband.] [2] [She testifies that when her husband's father died she received $750 of the insurance, by reason of her having furnished the money to take out the policy and to keep it up, and that every cent of the money paid by her for the property in question was paid out of this money, and none of it belonged to her husband.] [3] She also testified that she got the money in March, 1879, more than two years before the debt due to Connerton by Matthew Delaney was contracted.

" Now, if you find from the evidence before you that such is the fact, that she did thus acquire the money with which she bought and paid for the buildings and leased lot or property in question, and find that the transaction is honest, bona fide, and fair, and not intended to hinder and delay, or cheat

and defraud creditors of the husband, Matthew Delaney, or the particular creditor, Thomas Connerton, then she is entitled to your verdict, and if you so find, you must render a verdict in favor of the plaintiffs for the property described in the writ with six cents damages and costs."

Verdict for plaintiff and judgment thereon. Defendant appealed.

*Errors assigned* were, inter alia, (1–3) the portions of the charge above indicated, quoting them.

*J. W. Roseberry, M. M. L' Velle* with him, for appellants, argued that the evidence of ownership did not come up to the required standard.

*George J. Wadlinger,* for appellee, not heard.

PER CURIAM, March 28, 1892:
Judgment affirmed.

# Koch's Estate.    Danner's Appeal.

*Administrator's compensation—Agreement for a sum certain.*

One who makes an agreement with the heirs of a decedent to settle up the estate as administrator for a fixed sum, will be held to his agreement.

The fact that an arrangement made by the parties in interest delayed the settlement of the estate, but added nothing to the administrator's legal responsibility; and that it entailed the filing by the administrator of two accounts, in the first of which he claimed credit for the stipulated amount as compensation "thus far," does not set aside the contract. There was no duty on the part of the heirs to object to the form of the credit claimed in the first account, and silence is equivalent to acquiescence only when there is a duty to speak.

*Orphans' court practice—Exceptions to administrator's account—Rule of court of Lebanon county.*

The rule of the orphans' court of Lebanon county, which provides that "on the first day of each term on which accounts come up from the register's office, according to notice, for confirmation and allowance, they shall be confirmed nisi, and if no exceptions are filed within four days thereafter, they shall be confirmed absolutely," does not preclude the consideration by the court of exceptions filed after the expiration of the four days with an auditor appointed by the court to consider exceptions which were filed within that time.